UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Angelo Gray,** #209311 | ) C/A No. **6:07-02189-HFF-WMC** |
| Petitioner, | ) |
| v. | ) **REPORT** |
| | ) **AND** |
| Robert Stevenson, Warden, | ) **RECOMMENDATION** |
| Respondent. | ) |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat.1214 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Angelo Gray (Petitioner) is an inmate at Broad River Correctional Institution of the South Carolina Department of Corrections. He is serving a twenty (20) year sentence stemming from guilty pleas to charges of burglary and grand larceny. Petitioner was convicted on May 21, 1998. He did not appeal his conviction. Petitioner filed for state post conviction relief on May 20, 1999, and the post conviction relief action was dismissed on January 6, 2003. Petitioner has filed for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Petitioner bases his requested relief on "(a) ineffective assistance of counsel," and "(b) insufficient evidence for conviction." (Pet. at 3.)

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his convictions and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). In his petition, Petitioner indicates that he did not pursue a direct appeal of his conviction. Petitioner does not indicate that he has appealed the dismissal of his application for post conviction relief on the issues raised as grounds for his § 2254 petition. As a result, the grounds raised in the § 2254 petition have not been considered and addressed by courts of the State of South Carolina.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted).[2] Petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies.  *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."); *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required.  *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991).  However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

For many years, the Supreme Court of South Carolina has allowed a prisoner who is deprived of a direct appeal to receive a belated appellate review if a post conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See, e.g., Sumpter v. State*, 439 S.E.2d 842 (1994); *Sims v. State*, 313 S.C. 420, 438 S.E.2d 253 (1993); *Gossett v. State*, 388 S.E.2d 804 (1990); *Davis v. State*, 342 S.E.2d 60 (1986); *White v. State*, 208 S.E.2d 35 (1974). In addition to a direct appeal of a conviction and sentence, a South Carolina prisoner has available as post conviction relief the South Carolina Post Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 to 17-27-160.[3] Petitioner filed his application for post conviction relief, and the action was dismissed. If a South Carolina prisoner's application for post conviction relief is denied or dismissed by a Court of Common Pleas, he can file an appeal

---

[3] The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases, at S.C. Code Ann. § 17-27-45, which provides:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence."

4

in that post conviction case.  *See* S.C. Code Ann. § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (1985).  In fact, if a prisoner files an application for post conviction relief and the Court of Common Pleas denies post conviction relief or dismisses the post conviction relief application, the petitioner must seek appellate review of that disposition, or federal collateral review of the grounds raised in his application for post conviction relief will be barred by a procedural default.  *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).  Petitioner has not appealed the dismissal of his application for post conviction relief and therefore has failed to exhaust his state court remedies as required.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy.  *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Because Petitioner has a viable state court remedy which has not been fully utilized, this petition should be dismissed for failure to exhaust state court remedies. The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state court remedies.  *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **RECOMMENDATION**

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F3d. 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or are without merit)*; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the following page.

                                                  s/William M. Catoe
                                                  United States Magistrate Judge

August 3, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).